HAMITER, Justice
 

 (dissenting).
 

 In the majority opinion it is said: “No portion of the surplus distributed by the company during the year 1943 was allocated to these policies. However, it was admitted, if the policies had been entitled to the 1943 dividend, such dividend would have been sufficient as to each policy to have provided 'extended insurance to a date subsequent to the insured’s death.”
 

 The policies in question, I maintain, were entitled to be credited with the mentioned dividend.
 

 The dividend resulted from defendant’s divisible surplus as of December 31, 1942 (see resolution of December 16; 1942, copied in majority opinion). True, as recited in the resolutions of the Board of Directors adopted pursuant to the provisions of Act No. 88 of 1906, it was not payable until the anniversary dates of the policies in the year 1943, and, further, the distribution thereof was conditioned upon payment of premiums to such dates. But it was earned on the adoption of the resolutions of December 16, 1942, and January 20, 1943, they having effected a declaration of the dividend; and there came into being then, with reference to it, a relationship between the company and its policyholders of debtor and creditor.
 

 On the occurrence of that earning and the creation of the mentioned relationship the policies in the instant case were in full force and effect, for no premium was due prior to December 30, 1942, and each policy
 
 *791
 
 provided the usual thirty-one days grace period. This being true, the insured, as a creditor of the defendant, was clearly entitled to the benefit of that dividend by way of an extension of his insurance. See Finley v. Massachusetts Mutual Life Insurance Company, 172 La. 477, 134 So. 399, and Salomon v. Equitable Life Assurance Society of United States, 205 La. 941, 18 So. 2d 509, 161 A.L.R. 1097.
 

 The majority holding, as I view it, fails to distinguish between the earning of the dividend and the payment thereof.
 

 I respectfully dissent.